## THE STATE, ex rel., SPAULDING, &c., &c.,

*vs.*

## GEO. GALE, Circuit Judge, &c.

Chapter 61 of session laws of 1858 abrogates rules 12 and 21 of the circuit court in regard to the time within which a bill of exceptions may be settled.

By chapter 61 of the session laws of 1858, the excepting party on the trial, has until the next ensuing regular term of the circuit court to settle his bill of exceptions; the late rules in relation thereto being abrogated, and the former rules being restored thereby.

Application for mandamus to compel the respondent to sign a bill of exceptions. An alternative writ was issued to which the respondent made return, the material facts of which are set forth in the opinion of the court. To this return the relator demurred.

*Knapp & Dennison,* for the relator.

*The Respondent,* p. p.

*By the Court,* COLE, J. The demurrer in this case must be sustained. The material facts set up by the respondent in his answer to the alternative writ of mandamus are, that the judgment was entered on the 18th of September, 1858; that on the 22d of October following, a copy of the bill of exceptions was served upon the attorneys of the opposite party, with notice that the bill would be presented to the circuit judge on the 27th of November thereafter, to be settled and signed; that the bill was actually presented to him on the 9th of December, when the attorneys objected to the judge sign- ing the bill on the ground that the bill had not been prepared

and served in compliance with circuit court rules Nos. 12 and 21. It appearing to the respondent that these rules had not been complied with, he refused to settle and sign the bill.

In view of the rules, we think the respondent decided properly. The bill was not prepared and served in conformity to them, and did they control the case, the demurrer would have to be overruled. But by chapter 61 session laws 1858, it is provided that in all cases tried by a jury in any of the circuit courts of the state where exceptions are or may be taken to the ruling or decision of the judge before whom the case is heard, the excepting party may take the same to the supreme court by writ of error in the manner formerly in use on bill of exceptions, which may be prepared and settled according to the former rules and practice of the court. By the former rules, the party had until the next ensuing regular term to have his bill of exceptions settled and sealed. As chapter 61, above referred to, abrogates the present rules in force in regard to the settlement of the bill of exceptions the excepting party now has until the next ensuing regular term to have the exceptions settled and sealed in accordance with the old circuit court rule No. 70.

The demurrer is therefore sustained, and a peremptory writ of mandamus awarded.