Manly, J.
 

 The single question presented in this case is, whether a guardian, who calls in a physician to the slave of his ward, can be rightfully charged with, and made responsible for, the medicines and services rendered.
 

 The Court is clearly of opinion he may be. The credit in such case is, not only in point of fact, given to the guardian, but ought to have been so given. The guardian is charged
 
 *15
 
 with the duty of controlling and managing the person and property of the ward, and judging of the expenditures which may be needful for either, and he alone is informed of the condition of the ward’s resources. Hence, the contract should be made with the guardian, and hence, the guardian ought to be-looked to for payment. To allow a departure from the above'rule, would, in the first place, have the effect to encourage in the youth of the country appeals from the judgments of their guardians, and, in the next, make the right to compensation on the part of tire creditor depend upon a condition of things, of which he had no means to judge, and, therefore, uncertain and precarious.
 

 The foregoing principles are sustained, it. is believed, by the cases of the
 
 State upon the relation of Britt
 
 against
 
 Cook,
 
 reported in 12 Iredell, 67;
 
 Hussey
 
 v. Roundtree, Busb. Rep. 110, and
 
 Freeman
 
 v. Bridgers, 4 Jones’ Rep. 1.
 

 In the latter case, it is said that this rule has been established by previous adjudications of the court: “Where there is a guardian, the replication for
 
 necessaries
 
 does not avoid the plea of infancy, because, the fact of there being a guardian, whose duty it is to furnish all necessaries for the support of the ward, shows that it was not necessary for the infant to contract.”
 

 Where there is a parent or guardian the infant cannot contract, even for necessaries. Persons must take care (save in certain excepted cases) to contract with the guardian, and contracting with him, it seems to be a principle of common justice, they should be permitted to resort to him, primarily, for the fulfillment of the contract. To turn persons, dealing with the guardian in relation to the ward’s estate, over to the ward, would render it necessary, in every case, for such persons, in order to guard themselves against loss, to enter into an account with the guardian as to the amount of the ward’s estate — -the income and expenditures, and the necessity for the expenditure then contemplated. Such requirements, applied to the ordinary transactions of life, and especially to such a one as is the subject of this suit, are manifestly absurd.
 

 
 *16
 
 It will be seen from the-foregoing considerations, a guardian is not in the condition of an ordinary agent or factor, and therefore, the same legal relations, in all respects, do not subsist between them and those whom they respectively represent. The former represents one who* has no legal capacity to. contract for himself ;. the latter, one, who is fully able to-contract and bind, were lie present. The former is substituted. by the law, and stands
 
 in locopci/t'entis.
 
 The latter is the-appointee of his principal, and that principal can, at any moment,. abrogate or modify his powers.
 

 This want of analogies between the two: in the sources and? limits of their ¡Dowers, makes it obvious, there can be no complete analogy between, them as to liabilities or exemptions.
 

 There is no error in. the judgment of the Court below.
 

 Per. Curiam,
 

 Judgment affirmed.