THOS. J. SCOTT and ROWENA C. SCOTT *v.* W. M. PORTER, Guard.

1. PROBATE COURT—GUARDIAN AND WARD—LICENSE TO EXCEED INCOME.—The guardian is not permitted to exceed the income of the ward; and if he do so without the sanction of the court, the excess is at his risk, and he has no legal claim therefor against his ward. But he may be licensed by the court to encroach upon the principle for the maintenance and education of the ward, and to sell either personalty or land.

2. SAME—EXECUTION—FINAL DECREE.—P. was guardian of R. S. On final account a balance was found due the guardian, with which the ward was charged, and to enforce which he was allowed to take execution against her goods and land. *Held:* That under Rev. Code of 1857, 431, art. 31, the execution was properly issued.

3. SAME—JUDGMENTS—PRESUMPTION.—After the fact of jurisdiction is established by the record over the subject matter and the person, then all the presumptions arise in favor of the judgments of courts of special and limited jurisdiction, which inherently belong to and are applied to courts of original and general jurisdiction.

4. SAME—JURISDICTION.—The distinction has been drawn between the constitutional and the statutory jurisdiction of this court. The constitutional jurisdiction is full, plenary, and exclusive.

5. SAME—PRESUMPTION IN FAVOR OF PROCEEDINGS.—Where a record from the probate court consists only of the final settlement, the exceptions thereto, and the decree which contains a recital that the ward and her husband appeared and waived citation, and execution on her goods and land, was granted to enforce a balance on final settlement against the ward, it will be presumed in the appellate court that the license to exceed her income was obtained, and that the action of the probate court was proper on the evidence.

Appeal from the probate court of Franklin county. MAGEE, J.

The facts appear in the opinion of the court.

The plaintiff in error made the following assignment of errors :

1st. It was error in the court to render a decree against appellants, and by such decree condemn their lands to be sold in satisfaction of the sum found due appellee.

2d. It was error in the court to render a money decree in favor of the guardian against the ward and award execution thereon.

*H. Cassidy, jr.,* for appellants.

The court will perceive that the record discloses that the probate court rendered a decree on passing the final account of the guardian (the appellee) in favor of him and against the ward, and condemned the lands of the ward to be sold. This, I contend, the court had no jurisdiction to do. If the

ward was indebted to the guardian, such claim, if a valid one, could only be adjudicated in another forum. The guardian must account with the ward and not the ward with the guardian. Moore et ux. v. Oason, 1 How., 53: 6 Serg. & Rawle, 462.

SIMRALL, J.:

This writ of error is prosecuted by Rowena C. Scott (formerly Higgenbottam) and Thos. J. Scott, her husband, to review the final settlement of W. M. Porter, guardian of the said Rowena C.

The record is very imperfect, barren of matter as to the facts and evidence before the probate court; there is nothing in the record, except the final account, the exceptions thereto, and the decree which contains a recital that the ward and her husband appeared and waived citation. There was a balance ascertained due the guardian, with which the ward was charged, and to enforce which he was allowed to take execution against her goods and lands. The guardian is not permitted to exceed the income of the ward (except with the consent of the probate court) for maintenance and education; when he may be licensed to encroach upon the principal, and sell either land or personalty. On this settlement, the objections to the credits claimed by the guardian, may or may not have been sustained by evidence; for all that appears, the guardian may have been permitted to exceed the income. If we are to indulge the presumption in favor of the validity and correctness of the action of the probate court, we might infer that this permission was obtained, especially when, on the final settlement, the record does not embody the facts. The only objection made to the decree is, that it permits the guardian to reimburse himself out of the balance due, by execution. Art. 31, Rev. Code, 431, provides that when the probate court shall render a judgment or decree for money, against an executor, guardian, etc., or any other person litigant therein, compliance may be enforced by execution, which may be levied on lands, etc. Now here

is an order for the payment of money against a party litigant. If the debt is really owing, if the order for its payment is proper, then it was competent to enforce it by execution. We have already said that the record is so utterly barren of the facts, that there were or may have been before the court evidence, on the final settlement; but if insufficient to support the decree, the record does not show it. The decree being made by a court of full jurisdiction over the subject matter, with the proper parties before it, must be presumed to be correct. Speaking on this point, in Root v. McFerrin, 37 Miss., 17, this language is used by the court: " After the fact of jurisdiction is established by the record, 'over the subject matter and the person, then all the presumptions arise in favor of the judgments of courts of special and limited jurisdiction which inherently belong to, and are applied to courts of original and general jurisdiction." The distinction has been taken between such jurisdiction as has been conferred by the' constitution on this court, and such as has been assigned to it by statute. The jurisdiction invoked in this proceeding was derived from the constitution, which is full, plenary, and exclusive.

It cannot be doubted that the object of the legislature in authorizing decrees and judgments to be coerced by execution, was to make one litigation final, and productive of the fruit of the law—satisfaction; regarding the decree as conclusive between the parties, why turn them to another tribunal, to procure there by an original suit; payment. If, in any circumstances, a balance against a ward on final settlement can be enforced, we are authorized to infer those circumstances were manifested in the evidence before the probate court. If the guardian procures the license of the court to exceed the income, for the purpose of education, and the guardian within the limits authorized, advances his own money, and his ward should marry before attaining majority, and before the guardian is re-imbursed by a sale of property, it would hardly be claimed, that because the ward was thus emancipated, that the guardian was without remedy, for re-payment. If however, the income be exceeded without the sanction of

the court, the excess is at the risk of the guardian, and he has no legal claim therefor against his ward; if injustice has been done the ward in this case, we cannot supply the remedy, because the facts have not been embodied in the record.

We affirm the decree.