## State ex rel. Aken vs. Mills.

Mandamus—Notice : *Peremptory mandamus will not issue against a judge without notice to the parties to be affected thereby.*

1. Persons whose rights are to be affected by judicial proceedings should have notice of them, and an opportunity to be heard.
2. Thus, where this court is asked to compel a circuit judge, by *mandamus*, to render judgment upon a verdict, the persons against whom such judgment is to be taken should be notified of the application, notwithstanding a waiver of notice by the judge.
3. An application made without such notice is denied without prejudice to the mover's right to apply again after notice duly given.

State ex rel. Aken vs. Mills.

APPLICATION for a *Mandamus.*
*M. M. Cothren,* for relator.

Cole, J.    This is an application for a peremptory writ of *mandamus* to be issued out of this court and directed to the respondent as circuit judge, commanding him to proceed and render judgment in a certain action pending in the circuit court for Richland county. The action is between the relator, as plaintiff, and Alfred Parfrey and Dexter E. Pease, defendants, and was brought to recover damages occasioned to lands of the plaintiff, which were overflowed by the mill-dam of the defendants.    The jury, by their verdict in the action, assessed the plaintiff's damages in gross at eight hundred dollars, as a just and reasonable compensation for all damages occasioned by the use of the dam; or the sum of one hundred dollars to be paid annually so long as the dam is maintained at its present height.    After the defendants' motion for a new trial had been overruled, the plaintiff elected to take the sum in gross awarded him by the jury, and moved the court to render judgment for that amount, which the relation states the court then refused to render, on the ground that no judgment could properly be entered under the statute for damages in gross, but that the verdict stands as a *lien,* to be enforced by another action.    The circuit judge has filed an answer, in which he waives all notice and the right to an alternative writ, and consents that the peremptory writ shall issue in the first instance, providing this court shall be of the opinion that judgment for eight hundred dollars should be rendered upon the verdict.    The defendants in the action, however, have had no notice whatever of this application; and the question occurs to us, whether it would be proper to grant the writ without requiring notice to be given to the defendants, and thus affording them an opportunity to be heard in the matter.    And it appears to us that the defendants

should have notice of this application. If the writ goes, and judgment is entered upon the verdict, it is very obvious that it is their rights which are affected by the judgment. Nor is it a sufficient answer to say, that they could not successfully resist the entry of judgment in the circuit court upon the verdict, but that judgment should be rendered thereon as a matter of course. This perhaps might be so, but still are they not entitled to notice of this application? Can we assume that they would have nothing to say against it, and in support of the views entertained by the circuit judge of the meaning of the statute, if they were duly notified? It is a principle of very general application, that parties whose rights are to be affected by judicial proceedings should have some notice of them, and an opportunity to be heard. And while the peremptory writ, if it issues, is directed to the circuit judge, commanding him to act officially according to its mandate, and while in a certain sense he represents the defendants in this proceeding, yet he is really nothing more than a nominal party. He has no pecuniary interest in the matter. The judgment, when rendered, will be a judgment against Parfrey and Pease, and their rights alone will be affected by it. And it is possible that they might be responsible to the relator for the costs of this court, because they are to all intents and purposes the real parties in the proceeding, and not the circuit judge. See *The People ex rel. Barrett v. Bacon*, 18 Mich. 247. The waiver of all notices by the circuit judge ought not, therefore, to be held as sufficient to dispense with the necessity of giving the defendants in the action notice of this application. It is certainly a safe and salutary rule of practice in applications of this character, to give notice to the parties whose rights are to be affected by them. We must therefore deny this application, but without prejudice to plaintiff's rights to renew the same upon giving the defendants Parfrey and Pease

notice of the application, before we decide the question whether he is entitled to the peremptory writ asked in the relation.

*By the Court.*—It is so ordered.