BERRIEN RICE, plaintiff in error, *vs.* WILLIAM C. PASCHAL, defendant in error.

A guardian cannot borrow money and bind his ward therefor, nor can he, by any contract other than those specially allo,wed by law, bind his ward's property, or create any lien thereon.

Guardian and ward. Contracts. Before Judge BARTLETT. Putnam Superior Court. March Term, 1877.

Reported in the opinion.

THOMAS G. LAWSON, by N. J. HAMMOND, for plaintiff in error.

W. F. & H. A. JENKINS, by brief, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against Benjamin I. Paschal, and William C. Paschal, guardian of Elisha Paschal, on an account for $412.65, the items of which appear on the face of the account to have been charged to B. I. Paschal, and who subsequently gave his invidual note in liquidation thereof. On the trial of the case, it appeared from the plaintiff's evidence, that B. I. Paschal cultivated a plantation with the mules thereon, which was the joint property of himself and his minor brother, Elisha Paschal, for whom W. C. Paschal was guardian, and that the account, as made out and charged to B. I. Paschal, was for the joint benefit of B. I. and his minor brother, Elisha Paschal, for whom the defendant, W. C. Paschal, was the guardian, as before stated. When the plaintiff closed his evidence, the defendant, W. C. Paschal, moved the court for a nonsuit so far as he was concerned. The plaintiff proposed to amend his declaration, (but how or in what particular does not appear,) the court holding that no amendment, under the evidence, would entitle him to recover against the defendant, W. C. Paschal,

as guardian, and granted the motion for a nonsuit as to him. Whereupon the plaintiff excepted.

By the provisions of the Code, guardians are allowed to make certain specified contracts for the benefit of the estates of their wards whenever the same are approved by the ordinary of the county ; but the 1837th section declares that "the guardian cannot borrow money and bind his ward therefor, nor can he, by *any contract* other than those specially allowed by law, bind his ward's property, or create any lien thereon." In view of this provision of the Code, we are unable to perceive how the plaintiff could have amended his declaration so as to entitle him to recover under the evidence against W. C. Paschal, as guardian. Therefore the court did not err in granting the motion for a nonsuit as to him.

Let the judgment of the court below be affirmed.