Ex rel Jeremiah Sheahan, guardian ad litem v. Judge
of Wayne Circuit.

*Funds of infant litigants—General guardians.*

A court is bound to guard the interests of infant litigants whether
protected by their guardian or not.

General guardians do not represent their infant wards in foreclosure
proceedings, and the solicitors of the guardians cannot bind the
rights of the infants; nor can guardians *ad litem* bind the infants
except in strict accordance with the rules for their protection.

The new security required by Chancery Rule 94 before money be-
longing to infant litigants can be turned over to general guardi-
ans, calls for a responsible showing, and cannot rest on loose
verbal statements.

Money belonging to infant litigants in foreclosure cannot be ordered
paid to the solicitors of their general guardian, as they are stran-
gers to the infants and have no claim on, nor power to repre-
sent them.

A court should not give up control of a fund belonging to infant
litigants without securing the rights of their guardian *ad litem*
or his solicitor.

Mandamus. Submitted October 28. Granted October 29.

*John H. Bissell* for the writ.

*A. F. Wilcox* against.

Per Curiam. This application is for a mandamus to
compel the respondent to recall certain money belonging
to infants which was paid out of court into the hands
of certain parties assuming a right to receive it as attor-
neys for the general guardians. The money was surplus
funds remaining out of the proceeds of a foreclosure
sale and belonging to certain infant heirs of whom
relator was guardian *ad litem*. The circuit court, by an
order which the judge returns was understood by him to
have been acquiesced in by counsel, directed this money
to be paid over to the general guardians or their solicit-

ors, and made no provision for the services of the guardian *ad litem* or his solicitor. He subsequently refused to recall the money. There was no showing what security had been given by the general guardians, except that the judge understood from statements of counsel that they had given bonds in the probate court. No security was required by the order referred to.

The court was, we think, bound officially to look to the interests of the infants, whether protected by their guardians or not. General guardians do not represent infants for any purpose in such a litigation as this, and whether proper parties at all or not, their solicitors are in no sense authorized to act so as to bind the rights of the infants. Guardians *ad litem* are appointed for this purpose, but they cannot bind the infants except in strict accordance with the rules framed for their protection. The court itself must be vigilant to preserve them from injury. By rule 94 no money can be turned over to the general guardian without taking new security unless the security he has already given is found adequate. This requires some responsible showing, and cannot be allowed to rest on loose verbal statements.

The court therefore could not properly order money to be paid to the general guardians without a showing concerning security which was not here made. It could not order or authorize the money to be paid to the solicitors, because they were strangers to the infants and had neither claim on them nor power to represent them. And the payment being wholly unlawful should have been recalled. It was also the duty of the court to make proper inquiry and protect any rights of the guardian *ad litem* or his solicitor before putting the fund out of its control.

The mandamus must be allowed.