THE STATE ex rel. MARSH vs. WHITTET.

*October 16 — November 6, 1884.*

| 61 | 351 |
| 101 | 165 |
| 61 | 351 |
| f103 | 617 |

*(1) Justices' courts: Docket entries of adjournments. (2, 3) Correction of docket: Mandamus: Notice to parties.*

1. If a justice of the peace fails to enter an adjournment upon his docket at the time it is made, he loses jurisdiction.
2. A justice in making entries in his docket acts ministerially and not judicially, and the circuit court may by *mandamus* compel him to correct such entries to make them conform to the facts.
3. But a peremptory writ directing the justice to alter his docket should not be granted without notice to the parties whose rights will be affected by such alteration.

APPEAL from the Circuit Court for *Jefferson* County.

The relator obtained from the circuit court an order to show cause why a peremptory writ of *mandamus* should not issue to compel *John Whittet*, a justice of the peace in Jefferson county, to expunge from his docket certain entries made therein and to correct said docket by entering therein the true time when certain entries were made.

The affidavits upon which such order was granted showed that an action was commenced before said justice, by one C. R. Head against the relator, on May 7, 1884; that on the return day of the sumomons, May 16, 1884, the parties appeared and joined issue, and on the application of the relator the cause was adjourned to May 23; that the justice entered such adjournment in his docket, but failed to enter the place to which the adjournment was had; that on May 23, the parties, not being ready for trial, stipulated in writing to adjourn the cause to May 30 (a legal holiday), and the stipulation was handed to the justice by Head, the defendant not appearing before the justice; that afterwards another stipulation was made by the parties out of court to continue the cause to June 2, and this stipulation was filed with the justice by Head, on May 24; that the relator did not appear before the justice at any time after May 16; that neither of the stipulations above mentioned was entered by the justice, nor was any adjournment entered by him, nor did he take any action upon the stipulations (except to file the latter one), until June 2, when he entered in his docket the place to which the first adjournment (from May 16 to May 23) was had, and also entered another adjournment from May 23 to June 2, such entries being made under the respective dates of May 16 and May 23, so that the docket would appear to have been regularly kept. The affidavits further showed that the relator, knowing that the justice had failed to enter the adjournments, did not prepare for trial, but that by her attorney she appeared specially and

moved the justice to dismiss the case for lack of jurisdiction, and demanded that the justice correct his record. Annexed to one of the affidavits was what purported to be a true copy of the docket entries of the justice in the case of *Head v. Marsh.* From this it appeared that on June 2 judgment was rendered against the relator and in favor of Head for $192 and costs.

Upon the hearing on the application for a peremptory writ, *Whittet* appeared and objected to the hearing on the ground that such writ was not the proper remedy. The objection was overruled. The court thereupon adjudged that the complaint of the relator as set out in the affidavits was true, and ordered that a peremptory writ of *mandamus* issue commanding the said *Whittet* to expunge from his docket the entries made therein on June 2, relating to the adjournments of May 16 and May 23, and that costs be taxed in favor of the relator against said *Whittet.*

From that order *Whittet* appealed. It does not appear that Head had any notice of the proceedings in the circuit court.

For the appellant the cause was submitted on the brief of *L. B. Caswell* and *W. H. Rogers.*

*L. K. Luse,* for the relator, to the point that *mandamus* will lie to enforce ministerial duties of judicial officers, cited: *Smith v. Moore,* 38 Conn. 105; *Comm. ex rel. Winpenny v. Bunn,* 71 Pa. St. 405; *Illinois C. R. R. Co. v. Rucker,* 14 Ill. 353; High on Ex. Leg. Rem. sec. 230. It will lie to compel a justice to enter judgment of discontinuance. *Forman v. Murphy,* Pen. (2–3 N. J. Law), 747; *Anderson v. Pennie,* 32 Cal. 265. See, also, *People ex rel. ——— v. Baker,* 35 Barb. 105; *State ex rel. Long v. Cox,* 26 Minn. 214; *Wilcox v. Bates,* 45 Wis. 146; *Ballou v. Smith,* 29 N. H. 530.

COLE, C. J. The objection that the circuit court had no power to compel by *mandamus* the justice to correct his

docket entries so as to make them conform to the real facts and speak the truth, we deem quite untenable. It is said the justice, in making these docket entries, acts judicially, and that the circuit court will not direct or control his judgment or discretion as to what entries shall be made. A justice of the peace performs both judicial and ministerial duties. In the trial of causes and in the rendition of a judgment he acts judicially. In the issuing of process and making dockets entries he acts ministerially. *Tompkins v. Sands*, 8 Wend. 466; *Smith v. Moore*, 38 Conn. 105. The statute requires the justice to keep a docket, in which he must make certain entries in every case commenced and tried before him. Among these docket entries he is required to enter every adjournment, stating at whose request, and to what time and place, it is made. Sec. 3575, R. S. It is obvious that the justice, in entering an adjournment, performs a duty similar in every respect to those performed by the clerk in a court of record. He does not exercise any judicial discretion in making such an entry, but performs a ministerial act. If, therefore, he makes incorrect entries, the circuit court, in the exercise of its supervisory control, has the power by *mandamus* to compel him to make true entries according to the real facts. The writ has often been granted to compel the entry of judgments where nothing remained to be done but the mere ministerial duty of making the proper entry. *Brooke v. Ewers*, 1 Strange, 113; *State ex rel. Meux v. Judge of Fourth Dist. Court*, 28 La. Ann. 451; *Williams v. Saunders*, 5 Cold. 60; High on Ex. Leg. Rem. §§ 230, 235, 239, 240, 241.

The writ has also frequently been granted to compel inferior courts or judges to settle and sign bills of exceptions, because the act of signing such exceptions is considered ministerial in its character and hence subject to control. See *State ex rel. Spaulding v. Gale*, 7 Wis. 693; *State ex rel. Roe v. Noggle*, 13 Wis. 380; *State ex rel. Judd v. Noggle*, 16 Wis.

333; and authorities cited on the brief of counsel for the relator. We can therefore see no valid objection to the circuit court directing by the writ the justice to make correct docket entries in regard to the adjournments in the case of *Head v. Marsh.* If these entries were not made when they purport to have been, certainly the docket should be corrected so as to show the facts. It is very doubtful if the relator has any other adequate remedy under the circumstances. Of course, on a common law *certiorari* the docket entries could not be contradicted or shown to be false; for the record of the justice would import verity, and the entries as to the adjournments would be deemed correct or made at the proper time. *Cassidy v. Millerick,* 52 Wis. 379; *Driscoll v. Smith,* 59 Wis. 38. Possibly the relator would have an action for damages against the justice for making false entries in his docket; but that is a question we do not now consider, as we are clear the court had jurisdiction to compel the justice to correct his record.

It is further objected that the affidavits upon which the order to show cause was granted did not make a *prima facie* case, nor show that the justice had in fact committed any error in making his entries. But this position is not sustained by the papers on which the order is based. The affidavits show that the justice failed to make an entry in his docket adjourning the case of *Head v. Marsh* from May 16th to May 23d, and from May 23d to June 2d, at the time these adjournments were severally made, but did make such entries on the morning of the 2d of June. The statute required the justice to enter these adjournments when made, stating the time and place to which the cause was adjourned. If he failed to make such entries at the proper time he lost jurisdiction of the cause. *Brahmstead v. Ward,* 44 Wis. 591.

But it is further claimed that the circuit court erred in awarding a peremptory writ directing the justice to correct his docket entries without giving the plaintiff, Head, notice

of this application, and an opportunity to be heard in the matter. We think this point well taken. The necessary consequence of correcting the docket entries will be to destroy the judgment rendered by the justice in favor of Mr. Head. The plaintiff in that action, therefore, is vitally interested in the proceeding and should have had notice of it. In *State ex rel. Aken v. Mills*, 27 Wis. 403, it is said to be a safe and salutary rule of practice in applications of this character to give notice to the parties whose rights are to be affected by them. But the relator's counsel answers that no objection was taken in the court below that notice of the proceeding had not been given to Mr. Head. He therefore insists that it is now too late to question the correctness of the order awarding the peremptory writ on that ground. But we think the objection is not waived under the circumstances, but that formal notice should be given to Mr. Head; for, as we have said, if the docket entries of the justice should be corrected, as it is claimed they ought to be, his judgment would be effectually and totally destroyed. Consequently, every principle of justice demands that he have notice of the proceeding which so affects his rights.

*By the Court.*— The order of the circuit court awarding a peremptory writ of *mandamus* commanding the justice to vacate and expunge from his record the docket entries specified, is reversed, and the cause is remanded for further proceedings according to law.