## LOTHROP *v.* DUFFIELD.

1. GUARDIAN AND WARD — PROBATE COURTS — CLAIMS AGAINST WARD.

> The probate court has no jurisdiction to allow a claim against a ward's estate, filed by and in the name of the creditor, with whom the ward had no contract relations.

2. SAME—EQUITY JURISDICTION—INJUNCTION.

> Equity has jurisdiction to restrain the enforcement of an order of the probate court allowing a claim in the name of the creditor against a ward's estate for legal services rendered at the request of the guardian.

3. EQUITY JURISDICTION—REMEDY AT LAW—WAIVER.

> Equity has power to restrain the enforcement of an order of the probate court, void for want of jurisdiction, where defendant has answered the bill of complaint, although there may have been an adequate remedy at law.

| 134 | 485 |
|-----|-----|
| f136 | ³405 |
| 134 | 485 |
| 146 | 562 |
| j146 | ³592 |
| 134 | 485 |
| f154 ¹ | 46 |

Appeal from Wayne; Hosmer, J. Submitted June 4, 1903. (Docket No. 28.) Decided September 30, 1903.

Bill by George Van Ness Lothrop and others, infants, by their next friend, Isabella G. B. Lothrop, against Henry M. Duffield, to set aside an order of the probate court, and for an injunction. From a decree for complainants, defendant appeals. Affirmed.

*Angell, Boynton, McMillan & Bodman,* for complainants.

*Otto Kirchner,* for defendant.

HOOKER, C. J. The complainants comprise several infants and their guardian. They file this bill to set aside an order made by the judge of probate allowing to the defendant a sum therein mentioned as attorney's fees for services rendered in relation to securing for the complainants, from other descendants of their common ancestor, a

concession by which their shares of the grandfather's estate were materially increased. The petition is entitled in the estate of the minors, and prays the allowance to the petitioner of reasonable compensation for his services. It states briefly the nature of the services rendered, and the amount of time spent, but claims no specific sum. The petition bears the following indorsement:

"In the Wayne County Probate Court.

"In the Estate of George V. N. Lothrop *et al.*, Minors.

"Isabella G. B. Lothrop, guardian of said minor children, answering the within petition, says that she has read the same and knows the contents thereof, and that the same is true of her own knowledge in many respects, and in all other respects she believes it to be true; that she is unfamiliar with the value of legal services of this character, and submits the amount thereof to the decision and judgment of this honorable court.

"Dated February 20, 1900.

[Signed]          "ISABELLA G. B. LOTHROP,
                        "Guardian of Said Minors."

The bill alleges, and the testimony tends to show, that the guardian was surprised at the magnitude of the allowance, and has no recollection of seeing or signing the petition, and that when she signed it she did not apprehend its purport and purpose. This is controverted. The bill prays that the order may be set aside, and defendant decreed to be not entitled to any compensation, that he be enjoined from further prosecuting a claim for such services, and for general relief; it being claimed that the order operated as a legal fraud upon the infants. The circuit court found that the signature of the guardian to the consent was made under a misapprehension, and decreed that the order be set aside and held for naught, and also that the prosecution of an action brought thereon in the circuit court for the county of Wayne be enjoined, but without prejudice to the right of the defendant to make a further application to the probate court in relation to the matter in controversy.

We are of the opinion that the proper practice was not followed in obtaining the order complained of. There was no privity of contract between these infants and the defendant. Whatever contract relations he had were with their guardian, who could not bind the infants personally or their estate by contract (except by authority of the probate court, in accordance with law), so as to subject their estates to claims filed by third parties for expenses incurred by the guardian. The practice has generally been for the guardian or executor to pay or incur such obligations, and include the amounts in his account against the estate. In *Jones* v. *Brewer*, 1 Pick. 317, it is said that, "It is a well-settled general principle that a guardian cannot by his contract bind the person or estate of his ward." See, also, *Thacher* v. *Dinsmore*, 5 Mass. 299 (4 Am. Dec. 61). In *Forster* v. *Fuller*, 6 Mass. 58 (4 Am. Dec. 87), it was said: "As an administrator cannot by his promise bind the estate of the intestate, so neither can the guardian by his contract bind the person or estate of his ward." Approved in *Wallis* v. *Bardwell*, 126 Mass. 366, and in *Rollins* v. *Marsh*, 128 Mass. 116, where it was held that "a contract by a guardian for the support of his ward binds the guardian, and not the ward." *Bicknell* v. *Bicknell*, 111 Mass. 265; *Massachusetts General Hospital* v. *Fairbanks*, 132 Mass. 414; *Turner* v. *Flagg*, 6 Ind. App. 563 (33 N. E. 1104); *Stevenson* v. *Bruce*, 10 Ind. 397; *Lewis* v. *Edwards*, 44 Ind. 333; *Yourie* v. *Nelson*, 1 Tenn. Ch. 617; *Cobbey* v. *Buchanan*, 48 Neb. 391 (67 N. W. 176); *Hunt* v. *Maldonado*, 89 Cal. 637 (27 Pac. 56).

In the last-mentioned case it was said:

"If the guardian made a valid contract with the attorney, he may be held liable, *and if he pays it, and the probate court shall deem the expenditure reasonable and necessary* to protect the interests of the ward, it may be allowed from the ward's estate. But it is an expense incurred by the guardian in the performance of his duties, for which he is primarily liable."

*Fish* v. *McCarthy*, 96 Cal. 484 (31 Pac. 529, 31 Am. St. Rep. 237).

In *Tobin* v. *Addison*, 2 Strob. 3, it was said:

"The guardian is responsible to every one contracting with him, and not the estate of his ward; against and with it he is to account, and debts paid for its benefit he is entitled to submit as charges against the ward."

In *Fessenden* v. *Jones*, 52 N. C. 14 (75 Am. Dec. 445), it was said:

"The single question presented in this case is whether a guardian, who calls in a physician to the slave of his ward, can be rightfully charged with, and made responsible for, the medicines and services rendered. The court is clearly of the opinion he may be. The credit in such case is not only in point of fact given to the guardian, but ought to have been so given. The guardian is charged with the duty of controlling and managing the person and property of the ward, and judging of the expenditures which may be needful for either, and he alone is informed of the condition of the ward's resources. Hence the contract should be made with the guardian, and hence the guardian ought to be looked to for payment."

*Myers* v. *Cohn*, (Com. Pl.) 23 N. Y. Supp. 996; *Copley* v. *O'Niel*, 57 Barb. 299; *Adams* v. *Jones*, 8 Mo. App. 602; *Lusk* v. *Kershow*, 17 Colo. 488 (30 Pac. 62); *Epperson* v. *Nugent*, 57 Miss. 45 (34 Am. Rep. 434).

"A guardian cannot, by his own contract, bind the person or estate of his ward." *Sperry* v. *Fanning*, 80 Ill. 371. "A guardian has no power to bind either the person or the estate of his ward by contract." *Reading* v. *Wilson*, 38 N. J. Eq. 446; *Scott* v. *Porter*, 44 Miss. 364; *McGavock* v. *Whitfield*, 45 Miss. 453.

In *Dalton* v. *Jones*, 51 Miss. 585, it was said:

"The law places under the control of the guardian the property of every description of the ward, charged with the duty of making it productive and of supporting the ward out of its income. The law does not leave the amount of expenditure for maintenance and education to the discretion of the guardian. This sum must be fixed

by the court.   If the income be insufficient, the court may order a sale of the requisite amount of property, etc.   Sections 1219, 1220, Code 1871.   If a guardian contracts for the education or maintenance of his ward without the sanction of the chancery court, he incurs a personal responsibility, and cannot be allowed for it in his accounts with his ward.   A guardian has no power to bind the estate of his ward without the sanction of the chancery court."

*Poole* v. *Wilkinson,* 42 Ga. 539.

"A guardian cannot borrow money and bind his ward therefor, nor can he, by any contract other than those specially allowed by law, bind his ward's property or create any lien thereon."   *Rice* v. *Paschal,* 59 Ga. 637; *Westmoreland* v. *Davis,* 1 Ala. 299; *Simms* v. *Norris,* 5 Ala. 42.

"Demands of this nature have several times been brought before this court.   It has always held that debts contracted as this was are the proper debts of the persons occupying the position of trustees, by whom they were created.   As was said by Judge A. J. Walker, in *Sanford* v. *Howard* [29 Ala. 684], 'The purchases of trustees, including executors, administrators, and guardians, when made in obedience to the duties of the trust, impose upon them a personal liability.   The seller,' or, we may insert, the person to whom a debt is contracted, 'must look to them for payment, and they must look to the trust estate for reimbursement.'   This is everywhere in this country, as well as in England, held to be the law."   *St. Joseph's Academy* v. *Augustini,* 55 Ala. 495.

"It has been repeatedly decided in Massachusetts that a guardian has no power to bind the ward or his estate by his contract."   *Brown* v. *Eggleston,* 53 Conn. 119 (2 Atl. 321).   Suit for counsel fees was required to be brought against the guardian, and not the ward, in *Phelps* v. *Worcester,* 11 N. H. 51.   "In general, he cannot bind the person or estate of his ward."   *Tenney* v. *Evans,* 14 N. H. 351 (40 Am. Dec. 194).   See, also, *Hardy* v. *Bank,* 61 N. H. 34.   The same doctrine is repeatedly stated in Woerner, Guardianship, pp. 164, 185, 192, 272, 281, 470.

The foregoing authorities ought to set the question at

rest, although a few cases, some based on statutes and others not, hold the contrary. If it is true that the petitioner was entitled to file and have allowed this claim against the estates of the wards, it must follow that he who furnishes any article to the guardian for the benefit of the ward may harass the estate and the court with a petition for its allowance. It is as true where the claim is for a paper of pins as any other article or service. See, also, *Sheahan* v. *Wayne Circuit Judge*, 42 Mich. 69 (3 N. W. 259); *Wood* v. *Truax*, 39 Mich. 628; *Bearinger* v. *Pelton*, 78 Mich. 114 (43 N. W. 1042); 3 Comp. Laws, § 8705; *In re Hoga's Estate*, ante, 361 (96 N. W. 439).

We have not overlooked the case of *Jackson* v. *Leech's Estate*, 113 Mich. 391 (71 N. W. 846). If the impression exists that this case is at variance with the cases upon the point before us, it is a mistaken one. The case arose over a final account filed by the executor, in which he, not a third person, asked an allowance for various items. A majority of the court held that, as he had incurred a personal liability, he was entitled to have the items allowed. The present question was not before the court, and was not passed upon directly, though there is much reason for saying that it was impliedly, and that it is in harmony with the cases cited. How otherwise could the decision rest on the ground that the executor had incurred a liability? And, if this was not personal, why should not the practice followed in the present case have been the proper one?

It results from this view that the probate court has no right to entertain a claim against a ward's estate, filed by and in the name of a creditor with whom the ward has no contract relations, and that the want of jurisdiction appears upon the face of the petition, which set the court in motion; and we may add in this connection that the same reason which precludes a recovery before the probate court, viz., a want of privity, would forbid a recovery against the ward in a suit upon the claim in a court of law, and prevent an allowance of any sum in this proceeding. The

remedy of defendant is restricted to proceedings against the guardian, unless he proceeds with her acquiescence, in probate court, through the medium of her account.

Counsel claims that there is no proper ground for intervention in this case, inasmuch as no fraud is shown. Bills to impeach decrees are not limited to cases of fraud, but such relief may be based on other grounds. Adams, Equity, 196. Upon page 420 the author says:

"It has been also said that where an improper decree has been made against an infant, without actual fraud, it ought to be impeached by original bill. When a decree has been made by consent, and the consent has been fraudulently obtained, the party grieved can only be relieved by original bill."

See, also, 2 Pom. Eq. Jur. §§ 836, 837.

"When an improper decree has been rendered against an infant, either with or without actual fraud or surprise, the remedy should be by original bill." 3 Enc. Pl. & Pr. 612. The above statement of the text is supported by the citation of many authorities.

There can be little doubt that this order was improperly taken. Aside from the jurisdictional question, the record shows that the action of the court was predicated upon a consent by the guardian to submit the amount to the judgment of the probate court. Under numerous authorities, she could not bind the wards by a consent to the decree or amount, even if such consent were given in open court. *Conant* v. *Kendall*, 21 Pick. 36; *Wade* v. *Bridewell*, 38 Miss. 420; *Hite's Ex'r* v. *Hite's Legatees*, 2 Rand. (Va.) 409. A confession of judgment made by a mother in her capacity as tutrix of her minor child is not binding on the minor or his property. *Metcalfe* v. *Alter*, 21 La. Ann. 389; *Gooch* v. *Green*, 102 Ill. 513; *Wood* v. *Truax*, 39 Mich. 628. In the latter case it was said: "The court is bound to guard the interests of infant litigants, whether protected by their guardian or not."

It is also urged that the court of chancery has not jurisdiction to set aside this order; that the most it could do in

any event would be to make a restraining order, which should be operative against the defendant. It is the general rule that one court cannot restrain the action of another court, and has no power in a collateral proceeding to prevent the enforcement of its orders, judgments, and decrees. Nevertheless it is an every-day occurrence for courts to consider and adjudicate the question of validity of the proceedings of other courts, and declare them void. That we may do here; and, while decisions are numerous which profess to vacate and set aside decrees of other courts, it may be that, in the absence of statutory authority, the better practice is to restrain the party from enforcing such decrees. That is an adequate remedy here, and the prayer of the bill is sufficiently broad to warrant such decree.

It is said that, if this order is void, the bill should be dismissed upon the ground that the defense might be made in an action at law. A sufficient answer to this claim is that the court has assumed jurisdiction upon a record where counsel has pleaded· to the merits, and may in such case retain it to grant relief, though it may be clear that adequate relief might have been obtained at law. See 11 Am. & Eng. Enc. Law (2d Ed.), 201, and cases cited.

The complainants may take a decree adjudging such order null and void, and for an injunction restraining the enforcement of the same, and restraining the beginning or continuing any proceedings at law upon said claim for services against the infant complainants, but without prejudice to any proceedings against the guardian of said wards, or the presentation by her to the probate court, for allowance, of an account including said claim. Complainants will recover costs of both courts.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.