ORBAN *v.* NORTHWESTERN FIRE & MARINE INSURANCE
CO.

1. HOLIDAYS—JUSTICES OF THE PEACE—JUDGMENT.
Judgment rendered by a justice of the peace on a legal holiday is invalid.[1]

2. SAME—ADEQUATE REMEDY AT LAW.
A bill in equity does not lie to correct a justice's docket which by accident or mistake shows judgment to have been rendered on a legal holiday; complainant's remedy at law by bringing a new action is adequate.

Appeal from Wayne; Murfin, J. Submitted January 9, 1912. (Docket No. 17.) Decided March 29, 1912.

Bill by John Orban against the Northwestern Fire & Marine Insurance Company to correct a judgment of a justice of the peace. From a decree dismissing the bill, complainant appeals. Affirmed.

*Samuel G. Thompson* and *Cullen, Casgrain & Hanley,* for appellants.

*Henry G. Nicol,* for appellee.

OSTRANDER, J. A justice of the peace having jurisdiction of the parties and the subject-matter rendered a judgment in an action of assumpsit in favor of the plaintiffs and against the defendant on December 24, 1910. The docket entry shows that the cause was heard and the judgment rendered on December 26, 1910. For the purposes of holding court, December 26, 1910, being Monday, was *dies non.* An execution was issued and returned unsatisfied, and later a transcript was filed in the circuit court and an execution issued, which is outstanding. Defendant on February 7, 1911, moved in the circuit court

[1] Validity of court business transacted on legal holiday, see note in 10 L. R. A. (N. S.) 791.

to vacate the transcript and recall the execution upon the ground that the judgment was void because rendered on a holiday. Pending a hearing upon the motion, plaintiffs filed their bill in equity, setting up the above stated facts, and that the docket entry and date were inadvertently and mistakenly made by the justice's clerk and by inadvertence the erroneous date was not discovered by the justice, asking the court to find that the judgment was rendered December 24, 1910, and to enter a decree correcting the docket and transcript accordingly. A temporary injunction restraining proceedings to recall the execution and avoid the transcript was asked for. A general demurrer to the bill was sustained, and a decree entered dismissing the bill. Complainants appeal.

The docket shows a void judgment, which was no bar to a new suit. Rendering judgment by a justice of the peace is a judicial act, to perform which it is necessary to hold court, and he is forbidden to hold court on a statutory holiday. *Hemmens* v. *Bentley*, 32 Mich. 89.

Plaintiffs had, and, so far as appears, they still have, an adequate remedy at law. They might have at once begun a new suit. We do not now either affirm or deny the jurisdiction of equity to grant relief upon the ground of accident where the party seeking relief has no other adequate remedy. The question is interesting, and not free from difficulties. Such complaints as the one presented here are usually made by the defendant at law seeking relief from a judgment at law, as in *Lothrop* v. *Duffield*, 134 Mich. 485 (96 N. W. 577). See, generally, 6 Pomeroy's Equity Jurisprudence, chap. 31.

It is said in the brief for appellant that it is settled law in this State that the circuit courts have authority to correct the docket of a justice of the peace so as to make it speak the truth, citing *Cagney* v. *Wattles*, 121 Mich. 469 (80 N. W. 245). That case and *State, ex rel. Marsh*, v. *Whittet*, 61 Wis. 351 (21 N. W. 245) (see, also, *State, ex rel. Fourth Nat. Bank*, v. *Johnson*, 103 Wis. 591 [79 N. W. 1081, 51 L. R. A. 33]), appear to be authority for the

proposition that, in the absence of any other remedy, the circuit courts in some cases, in the exercise of the power to supervise and control inferior courts, may grant relief against false judgments by requiring justices to enter such a judgment as the proven or admitted facts and the statute required in the first instance. But this jurisdiction is not invoked in the present case. And see *O'Brien* v. *Tallman*, 36 Mich. 13.

The decree dismissing the bill is affirmed, with costs to appellee.

Moore, C. J., and Steere, McAlvay, Brooke, and Stone, JJ., concurred. Blair, J., concurred in the result. Bird, J., did not sit.