CITY OF PASCAGOULA *v.* SHARP.*

(Division B. Nov. 10, 1924.)

[101 So. 683. No. 24558.]

1. JUDGES. *Mayor and board of aldermen authorized to elect mayor pro tempore, who may act as police justice.*

Under section 3334, Code of 1906 (section 5831, Hemingway's Code), the mayor and board of aldermen of a municipality are authorized to elect a mayor *pro tempore*, who, by virtue of section 3399, Code of 1906 (section 5927, Hemingway's Code), is authorized to discharge the duties of police justice of such municipality.

2. CRIMINAL LAW. *Presumptions necessary to sustain validity of police court judgment arises where court had complete jurisdiction.*

Where a police court had full and complete jurisdiction of the subject-matter and the person to render a judgment, the presumptions necessary to sustain the validity of the judgment arise.

3. CRIMINAL LAW. *Not necessary that judgment of police court by mayor pro tempore show mayor's absence or incapacity.*

On appeal from a judgment of a police court, which was rendered by the mayor *pro tempore*, exercising the functions of police

justice of the municipality, it is not necessary that the judgment or transcript of the record from the police court should affirmatively show that the mayor was absent or incapacitated or disqualified to act.

4. CRIMINAL LAW.  *Failure to object in police court, where mayor pro tempore acts as justice under color of authority, waives right to object on appeal.*

Where a mayor *pro tempore* assumes to act as police justice under color of authority so to do, one who fails to object in the police court waives his right to object on appeal.

---

*Headnotes 1. Judges, 3 C. J., section 24; 2. Criminal Law, 16 C. J., section 692 (1926 Anno); 3. Criminal Law, 16 C. J., section 692 (1926 Anno); 4. Criminal Law, 16 C. J., section 692 (1926 Anno).

APPEAL from circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

W. E. Sharp was convicted in the city of Pascagoula of the violation of a city ordinance, and on appeal to the circuit court an order sustaining a motion to dismiss the affidavit and proceedings was sustained, from which the city of Pascagoula appeals. Order held erroneous.

*H. B. Everitt,* for appellant.

The appellee, Sharp, was found guilty in the municipal court of speeding and appealed to the circuit court. The city of Pascagoula is a municipality under a commission form of government under Act of 1912. Appellee was tried before J. Higginbotham, the mayor *pro tem* and incidentally it appeared that the mayor, J. R. Watts, was named as a witness for the city. The appellee appeared by his attorney and moved to dismiss the case because the record did not show that the mayor was absent or unable to act or any legal cause authorizing the mayor *pro tem* to preside instead of the mayor. The motion was sustained and the appellee was discharged, and because of such action of the court the appeal is taken by the city and the case brought here for a decision of this court under section 16, paragraph 2, Hemingway's Code.

The court in this case undoubtedly had jurisdiction of the subject-matter and the person to render the judgment appealed from and the circuit court was required to indulge all necessary presumptions as to jurisdictional facts necessary to sustain the jurisdiction, the same rule applying to the police justice court that applies to other courts. *Scott* v. *Porter*, 44 Miss. 364.

The party charged with violating an ordinance of the city did not object to being tried by the mayor *pro tem* so far as the record shows and in the absence of such objection made in that court he waived his right to object when he took an appeal. 23 Cyc. 605, notes 45-46 and pp. 616-617, note 87. But it is not clear under our statute providing for a police justice *pro tem,* which is section 5927, Hemingway's Code, that it is necessary that the mayor, acting as police justice be absent or unable to act in any case.

There appears no good reason in this case why the mayor should have exclusive authority to exercise the functions of police justice when present or able to act and that when present or able to act the mayor *pro tem* should be absolutely *functus officio* in the premises. It is true *pro tempore* means for the time being or temporarily as distinguished from continuous and regular performance, but this only means a substitute, and in the case of a presiding officer it is usually the case that he is only authorized to preside in the absence of the regular officer presiding. But it is exceedingly technical in a case of this kind and under this statute to throw a case out of court because the record fails to show why the mayor did not preside. And this particularly, in view of the doctrine in this state so often and so liberally indulged in, that one who, under any sort of claim of authority, enters upon and performs in good faith official acts he shall be considered to all intents and purposes as an officer *defacto.. Altman* v. *Wall,* 111 Miss. 198.

Note: No brief filed for appellee.

COOK, J., delivered the opinion of the court.

The appellee, W. E. Sharp, was convicted in the police court of the city of Pascagoula on a charge of violating an ordinance fixing a speed limit for motor vehicles within the limits of said city, and prosecuted an appeal to the circuit court. The judgment of conviction in the police court was signed by J. Higginbotham, mayor *pro tempore,* and in the circuit court an order was entered sustaining a motion to dismiss the affidavit and proceedings for lack of jurisdiction, and from the judgment sustaining this motion and discharging the defendant the city prosecuted this appeal.

It appears from the record that the motion attacking the jurisdiction of the circuit court was based upon the ground that the judgment appealed from was rendered by the mayor *pro tempore* of the municipality, without disclosing by the record the facts constituting the authority of said mayor *pro tempore* to preside at such trial.

Section 3334, Code of 1906 (section 5831, Hemingway's Code), confers upon the mayor and board of aldermen of a municipality the power "to elect one of the aldermen to be the mayor *pro tempore,* and who shall preside at all meetings and perform all duties of mayor in the absence or disability of the mayor," while section 3399, Code of 1906 (Section 5927, Hemingway's Code), provides that "in all towns, villages and other municipalities where a police justice is not elected, the mayor, or mayor *pro tempore,* shall be the police justice." The police court of this municipality unquestionably had full and complete jurisdiction of the subject-matter and the person to render the judgment appealed from, and consequently the presumptions necessary to sustain the validity of the judgment must be indulged. *Root* v. *McFerrin,* 37 Miss. 17, 75 Am. Dec. 49; *Scott* v. *Porter,* 44 Miss. 364.

The judgment appealed from is regular on its face, and appears to have been rendered by the mayor *pro*

*tempore* exercising the functions of police justice of the municipality, an officer who is expressly authorized by statute so to do. In such case it is not necessary that the judgment or transcript of the record from the police court should affirmatively show that the mayor was absent, or incapacitated or disqualified. The record before us is silent as to whether the mayor was absent, or incapacitated or disqualified to act, and the presumption that such was the case must prevail.

The judgment of the court below, sustaining the motion to dismiss, was erroneous for another reason. The transcript of the record from the police court does not show that the defendant made any objection in that court to the authority of the mayor *pro tempore* who assumed to act under color of authority, and by his failure to so object in that court he waived his right to object on appeal.

For the reasons indicated, we are of the opinion that the motion to dismiss the proceeding should have been overruled.

*Overruled.*