*In re* PETITION OF HENRY O. MALOCH.

1. GUARDIAN AND WARD—INFANTS — PROPERTY OF INFANTS PROTECTED BY COURT.
    Under the general supervisory power of the court, when any part of an infant's estate is in litigation, it is under the immediate guardianship and protection of the court.[1]

2. SAME—SALE OF INFANTS' LAND—WHEN AUTHORIZED.
    In order to authorize a sale of the interest of infants in real estate, under the provisions of 3 Comp. Laws 1915, § 12693 *et seq.*, it must "appear satisfactorily" that a disposition thereof is necessary and proper, either for the

[1]Infants, 31 C. J. § 97.

support and maintenance of the infants or that their interests will be substantially promoted thereby.[2]

**3. SAME—ORDER AFFIRMING SALE OF INFANTS' LAND SET ASIDE WHERE NO CONTRACT MADE.**

Where the special guardian of infants reported to the court that he had entered into a contract to sell to certain vendees land belonging to the infants and prayed for an order affirming said sale pursuant to the provisions of the statute, whereas in fact no .contract whatever had been entered into, the order of the court affirming the sale will be set aside, conditional on the guardian's returning the amount of a payment received by him, with interest.[3]

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 14, 1925.   (Docket No. 72.)   Decided December 22, 1925.

Petition by Henry O. Maloch, guardian of Charles D. Neuendorf and Robert L. Neuendorf, minors, to vacate an order authorizing a sale of real estate to Harry Tucker and others.   From an order denying the petition, plaintiff appeals.   Reversed, and order vacated.

*Julius J. Thiede* (*Thomas A. E. Weadock,* of counsel), for plaintiffs.

*Donnelly, Hally, Donnelly & Munro,* for defendants.

SHARPE, J.   On May 6, 1919, Henry O. Maloch petitioned the circuit court for the county of Wayne, in chancery, for leave to sell certain real estate in the city of Wyandotte, belonging to Charles D. Neuendorf and Robert L. Neuendorf, infants, of whom he was the general guardian, pursuant to the provisions of section 12693 *et seq.,* 3 Comp. Laws 1915. The land was represented to be of the value of $7,500.

---

[2]Infants, 31 C. J. §§ 105, 106; [3]Id., 31 C. J. § 137.

It was stated in the petition as a reason for making the sale—

"that the funds of the above mentioned estate is almost exhausted and money is needed for the care and education of said infants; that the income from said property at present is only twenty-five dollars per month out of which taxes are to be paid, thereby making an investment of about three per cent. per annum."

An order was made, appointing Mr. Maloch special guardian of the infants for the purpose of making such sale, and fixing the amount of his bond. The bond was filed and the usual order thereupon made, authorizing and empowering the special guardian to contract for the sale and conveyance of the property. He at once reported to the court that he had "entered into an agreement subject to the approbation of the court" with Harry Tucker, Carl F. Schroeder, Magnus Meier, William W. England, Henry Roehrig and Arthur W. Edwards (hereafter called the defendants) for the sale of the property for "$7,500 cash." An order was then made, confirming the report of sale and ordering the special guardian to execute and deliver a deed to the defendants upon their complying with the terms of the contract. These proceedings were all had on the day the petition was filed. While some of the orders show that they were granted on motion of "Geo. W. Coomer, attorney for said petitioner," it seems undisputed that the defendant Edwards, who is an attorney, had charge of the matter. The order of confirmation was granted on his motion as "solicitor for the said petitioner."

The special guardian did not enter into any contract with the purchasers for the sale of this property, as was reported to the court. It does appear, however, that, on April 10, 1919, nearly a month before these court proceedings were had, the general guardian had

signed a receipt for a $500 payment to be applied on the sale of the property to the same parties, at the price of $7,500, the balance to be paid "when abstract is brought down to date and shows a merchantable title." It was further stated therein:

"This contract is made subject to approval by the circuit court for the county of Wayne."

It quite clearly appears that the $500 mentioned therein was not paid until a considerable time thereafter.

On May 24, 1920, the guardian petitioned the court to vacate the order authorizing him to convey, for the reason that, although an abstract had been furnished showing a good and merchantable title in the infants, the balance of $7,000 had not been paid. Notice of the hearing of this petition was given to the defendant. A hearing thereon was had on June 28, 1920, before Judge Hosmer, and proofs taken. It appears from the affidavit of Julius J. Thiede, who was then acting as attorney for the guardian, that Judge Hosmer, who had been ill after the hearing, informed him in the month of September that he might prepare an order, granting the prayer of the petition; that he did so, and called the judge by telephone several times to make an appointment concerning it, "but was always informed at such times that the judge was too ill to attend to any business." A draft of the order prepared by him was annexed to his affidavit. After the death of Judge Hosmer, the petition was again brought on for hearing on September 24, 1924, before his successor, Judge Richter, and, after considering the proof submitted to Judge Hosmer and such additional proof as the parties desired to present, he entered an order denying the prayer of the petition. From this order, the general guardian appeals.

In addition to the facts above stated, it appears that on May 8, 1919, a petition was filed by the United

States government for the purpose of condemning the land in question for a post office site. The jury impaneled for that purpose fixed the compensation to be paid to the owners of this property at $25,000. This verdict was rendered on November 10, 1920. These proceedings were subsequently discontinued.

It also appears that on July 22, 1921, the defendants filed a bill in the Wayne circuit court, praying that the guardian be decreed to convey the property pursuant to the order of May 6th.    An answer was filed.    This case is still pending.

In the early case of *Westbrook* v. *Comstock,* Walk. Ch. 314, it was said:

"It follows, from this general supervisory power of the court, that when any part of an infant's estate is in litigation here, it is under the immediate guardianship and protection of the court."

Quite similar language was used in *Sheahan* v. *Wayne Circuit Judge,* 42 Mich. 69, and *Lothrop* v. *Duffield,* 134 Mich. 485.

The purpose of the sections of the statute referred to is to permit a sale to be made of the interests of infants in real estate, but, in order to authorize a sale, it must "appear satisfactorily" that a disposition thereof is necessary and proper, either for the support and maintenance of the infants or that their interests will be substantially promoted thereby.    The reason assigned in the petition herein was that the proceeds of the sale were needed for the care and education of the infants.    It is apparent that if they were so needed in 1919, such need will not be supplied by the enforcement at the present time of an order of sale then made.

We do not find it necessary to decide whether the order should not now be vacated, for the reason that the interests of the infants will not now be promoted by requiring the special guardian to comply with its

terms. In our opinion, there was such a failure on the part of the special guardian to comply with the provisions of the statute and the order theretofore made as justifies its vacation, if, indeed, it did not deprive the court of jurisdiction to make it.

The special guardian reported to the court that he had entered into an agreement with the defendants to sell to them the interests of the infants in the property for the sum of $7,500, to be paid in cash, whereas in fact no contract whatever had been entered into by him as special guardian with the defendants. The order made was based on this erroneous statement. The blame therefor must rest on the defendant Edwards, who was acting for the special guardian, and on whose motion the order was made.

"Under this statute no conveyance could be made, or sale completed, until reported to the court, and sanctioned in each case." *Jenness* v. *Smith,* 58 Mich. 280, 283.

Defendants' counsel urge that—

"The statute does not require that a writing pass between the special guardian and the vendees until after the court has 'confirmed' the sale, as reported by the guardian."

The order under which the special guardian acted authorized him "to contract for the sale and conveyance" of the interests of the infants in the property. It is clear that a contract which, if confirmed, will be binding on both parties is intended. Surely, the court would not make an order confirming a sale unless an enforceable contract therefor had been entered into.

The conclusion reached renders it unnecessary for us to determine whether the abstract was furnished, as claimed by the special guardian.

The order appealed from will be set aside, and one may be entered here, vacating the order confirming the sale, as prayed for in the petition, conditional,

however, on the guardian's returning to the defendants the $500 he received from them, with interest thereon from the date of such payment at the legal rate.    As the attorney for the guardian expressed his willingness at the hearing that the order asked for in the circuit court should contain such a provision, the appellant will have costs of this court.

McDonald, C. J., and Clark, Bird, Moore, Steere, Fellows, and Wiest, JJ., concurred.