## Thomas Redmán v. Thomas White.

*Justice's docket: Statute construed.* A justice's docket entry which recites the date and return day of the summons, and contains no other date except that at the end of it, which is the same as the return day of the summons, and does not state on what day the parties were called and the plaintiff appeared and the defendant failed to appear, is not sufficient to comply with the statute *(Comp. L., 1857,* § *3890)*; it was not the intent of this statute to leave the time of appearance to be referred to the date of the judgment, in a case affording room, on the face of the record, for the two acts on separate days.

*Justice's docket: Time of plaintiff's appearance: Judgment: Evidence.* A docket entry which does not show whether the plaintiff appeared on any particular day out of several, does not show that he appeared within an hour after the return day of process; and as, under *Comp. L., 1857,* § *3777, clause 2,* a failure of the plaintiff to appear within that time, works a discontinuance, such docket entry fails to show that the justice was authorized to render the judgment; and is, therefore, not admissible to prove the validity of the judgment.

*Heard October 12. Decided October 15.*

Error to Washtenaw Circuit.

*S. E. Engle,* for plaintiff in error.

*P. M. Eaton* and *C. Joslin,* for defendant in error.

GRAVES, J.

This cause originated in a justice's court, and was removed to the circuit court by appeal. White, who was the plaintiff below, recovered, and Redman brought error.

The action was trespass, for a quantity of corn, which White claimed to have purchased of one Monmouth Miller,. and alleged that Redman had taken and carried ·away. There was no dispute about the taking, but Redman

claimed that he acted as a constable, and took the property under an execution in his hands against Miller, of whom White purchased, and that the sale to White was voidable by the execution creditor, as fraudulent.

In order to substantiate this defense, Redman offered in evidence what he claimed to be the record of the judgment upon which the execution was issued; but White objected on several grounds, to the admission of the entry, and among others, for the reason that it did not disclose on what day the plaintiff appeared and defendant did not appear, nor on what day the parties were called.

The court excluded the evidence, and the only material question in the case, is, whether this ruling was correct. As the docket entry was exclusively relied on to prove the judgment, we are only to determine whether it would have shown it.

After the title to the cause, the whole record bearing on this question is as follows:

"In justice's court, before Harmon Allen, a justice of the peace in and for said county:

"Summons issued bearing date November 25th, 1869, returnable before me, at my office in Milan, on the 2d day of December, at one o'clock P. M., and garnishee summons in the same case, against Horace Hand, returnable at the same time, to answer upon his oath whether he is or not, indebted to the defendant. Plaintiffs answered to their names, and the said Horace Hand answered to his name, but the defendant, Monmouth Miller, did not answer. Plaintiffs declared against the defendant, Monmouth Miller, for the amount of a judgment, costs, and interest on the same, rendered before me, and recorded upon page ninety-five of this docket, amounting in all, with sheriff's fees since, to eighty-two dollars and thirty-four cents.

"I therefore render a judgment against the defendant, and in favor of the plaintiffs, for the said sum of eighty-

two dollars and thirty-four cents, together with the costs of this suit, taxed at two dollars and sixty-two cents, making in all, eighty-four dollars and ninety-six cents. December 2d, 1869.

"HARMON ALLEN, *Justice of the Peace.*"

It may be proper to notice, that the original summons was offered with the docket entry, and that it was admitted that the summons was in due form, and had upon it the proper evidence of due personal service upon Miller, the defendant named therein.

In answer to the objections taken to the admission of the docket entry, the plaintiff in error insists: *first,* that, admitting the record to be at fault, as claimed by the defendant in error, the defect is not jurisdictional, and was not available as an objection, when brought into question collaterally, as here; and, *second,* that, in truth, the entry does show, by reference to the date at the end of it, when the facts in question actually occurred. If the second ground is correct, the first requires no notice. Is it correct? It seems obvious to the court, that it is not. Here are two dates. The first, November 25th, 1869; the second and last, at the end of the entry, December 2d, 1869. Between these two dates we find the entries, as to the calling of the parties, the appearance of the plaintiff, and the non-appearance of the defendant, and these acts may have taken place at any time during this interval of a week, without involving in contradiction any specific date or entry; and they could only be referred to the last date by intendment, and no other date would make the proceeding good.

The law, however, does not leave the time of appearance to be gathered by intendment in this way, or to be referred to the date of some other separate fact. It speaks of several distinct facts to be entered with their respective dates, and specifically requires the time of the *appearance* of the

parties, and also the time of *rendering judgment*, to be entered. The date of each is required to be noted.—*Comp. L.,* § *3890.* It was not intended, therefore, to leave the time of appearance to be referred to the date of the judgment, in a case affording room, on the face of the record, for the two acts on separate days. It was the object of the law to preclude such questions.

In the case before us, the 2d day of December, 1869, seems to have been the date of the judgment, and there is room for admitting that the appearance of the plaintiff may have occurred on another day. It appears to the court, therefore, that this record was not to be read as stating any precise day whatever, when the plaintiff appeared.

Recurring to the first ground taken by the plaintiff in error, in answer to the objections against the admission of the docket, it will be remembered that by *Comp. L., 1857,* § *3777, clause 2,* the failure of the plaintiff to appear within one hour after process is returnable, works a discontinuance, and, of course, excludes all authority in the justice to give judgment for him.

Now, if the proof afforded by the docket was so defective as not to show that the plaintiff appeared on any particular day out of several, it certainly did not show that he appeared within the time prescribed, to authorize the justice to render judgment for him. It therefore fails to show affirmatively, as is necessary, that the justice was possessed of authority to give the judgment in question, and was properly excluded.

As no error is shown to have been committed by the circuit court, the judgment should be affirmed, with costs.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, CH. J., did not sit in this case.