## Patrick Brady v. Augustus B. Taber.

*Justice's courts: Adjournment to render judgment: Jurisdiction.* An adjournment of a cause in justice's court for more than four days after the trial is completed, for the purpose of rendering judgment, deprives the justice of jurisdiction under our statute (*Comp. L.*, § 5380), and a judgment rendered five days after the completion of the trial is void.

*Justice's courts: Adjournment to complete trial: Jurisdiction: Discontinuance.* The failure of the plaintiff to appear within an hour of the time to which a cause in justice's court has been adjourned for the completion of the trial, operates under our statute (*Comp. L.*, § 5373) as a discontinuance, and deprives the justice of all jurisdiction thereafter to render any judgment against the defendant, or any judgment whatever, except that of nonsuit, and for costs.

*Heard April 7. Decided April 8.*

Error to Wayne Circuit.

This was an action upon a justice's judgment in favor of plaintiff and against defendant.

*Moore & Griffin,* for plaintiff in error.

*James Caplis* and *Alfred Russell,* for defendant in error.

CHRISTIANCY, J.

The first question arises upon the admissibility of the justice's docket to prove the judgment against the defendant below, this being objected to on the ground that it was irrelevant and incompetent, because the entries therein did not show a valid judgment.

The docket shows that the parties appeared and joined issue before the justice on the 2d day of October, 1865, and that the defendant asked an adjournment until the 9th of October, which was granted. It then proceeds as follows:

" October 9th.—Parties appeared and proceeded to trial of the cause; witnesses sworn for the plaintiff, Augustus B. Taber and James Allen, whereupon the case was continued and held open to Saturday, the 14th, at 1 P. M.

BRADY *v.* TABER.

"October 14th.—Case was called, and neither of the parties appearing, I rendered judgment in favor of the plaintiff and against the defendant for three hundred dollars damages and five dollars costs."

Now this means one of two things: either, *first*, that the trial was had and completed on the 9th, and that the cause was then continued and held open to the 14th, only for the purpose of rendering judgment; or, *second*, that the trial was only partially completed on the 9th, and the case continued over to the 14th for the completion of the trial. If the first is the meaning of the entry, then, as the statute (*Comp. L.*, § *5380*) allowed only four days for the purpose of rendering judgment, the justice lost jurisdiction, and the judgment rendered on the 14th was void.

If, on the other hand, the meaning is that secondly suggested, and the case was continued over to the 14th for the completion of the trial, then the failure of the plaintiff to appear on the adjourned day operated as a discontinuance of the suit, and deprived the justice of all jurisdiction to render the judgment against the defendant, or any judgment except that of non-suit and for costs.—*Comp. L.*, § *5373*. This was not in either case a mere error in the proceedings for which the judgment might be reversed, but the loss of jurisdiction to render any judgment against the defendant, and makes the judgment void for all purposes.

This disposes of the case, and renders the other questions raised practically immaterial.

The judgment of the circuit court must be reversed, with costs, and a new trial awarded.

The other Justices concurred.