## *St. Clair Circuit.*

## THE PEOPLE ex rel. ALBERT DOTA

### vs.

## MALCOLM McKAY.

*Justice Court—Mandamus—Adjournment.*

Circuit Courts have power in certain cases to issue the writ of mandamus to justice's courts.

After a cause in justice's court is adjourned, the justice can enter no judgment prior to the adjourned day, except, perhaps, by consent or after notice.

Where the justice, prior to the adjourned day, has assumed to enter judgment of discontinuance on the application of plaintiff, and refuses to do anything on the adjourned day, mandamus is the proper remedy to compel him to act.

But the Circuit Court will not direct what action shall be taken or judgment rendered.

On the 6th day of July last the respondent, a justice of the peace of the city of Port Huron, issued a summons in favor of Daniel J. Stewart, a non-resident of this county, against this relator, Albert Dota. This summons was returnable July 10, and was duly and personally served. On the return day the parties appeared by attorneys and the cause was adjourned, and afterwards several adjournments were had, and finally it was adjourned from July 25 to August 15.

On the 31st day of July the plaintiff by his attorney appeared before the justice, and as the justice returns, "withdrew and discontinued said cause," and thereupon the justice, claiming to act under Comp. Laws, Section

5380, rendered a judgment against plaintiff for costs, taxed at $2.35, being all the costs, so far as the justice was then informed. At the time of this entry neither the defendant nor his attorney was present.

On the adjourned day, August 15, the defendant appeared ready for trial, and after waiting an hour, the plaintiff not appearing, the defendant asked for judgment, and that his costs be taxed.

The justice refused to take any further proceedings or cognizance of said cause, for the reason, as he then said, that said cause was not then pending before him.

Thereupon the defendant, the relator herein, applied to this court for a mandamus requiring the justice to render such a judgment as should have been rendered on said adjourned day, and on the facts as they then appeared.

HARRIS, J.: The first point raised is, that *this* court has no authority to issue the writ asked for, and McBride vs. The Common Council of Grand Rapids, 32 Mich., 360, is relied on to support this position. But this is an authority quite the other way. The court says, on page 364, "It" (the writ of mandamus) "is a very proper writ to enable the Circuit Courts to give effect to their appellate and supervisory authority in some cases, and is often made use of for such purposes." And in arguing the case and reviewing the authorities, the court says, on page 367, "These considerations lead me to the conclusion that the constitution does not give to the circuit courts jurisdiction of the enumerated writs, except

for the purposes of jurisdiction which in general terms is conferred."

And the Constitution, Art. 6, Section 8, gives to the courts supervisory authority over inferior jurisdictions— not over common councils or State or county officers, for they are in no legal sense inferior courts or tribunals.

I have no question, then, but that upon a proper showing and in a proper case this court may issue a writ of mandamus to a justice of the peace, and the only question is, do the circumstances of this case call for the interposition of this court by this writ.

The cause having been adjourned from July 25 to August 15, the justice in the meantime could do nothing in the case. His action on the 31st of July was illegal and utterly void. Section 5380 furnished no justification for the action taken. A clear legal duty rested upon the justice to take some action or render some judgment on the adjourned day. This legal duty the justice, on request, refused to perform, and mandamus is the proper remedy to compel him to discharge his duty. 26 Mich., 22. Otherwise this is a denial of justice.

The case stood regularly for hearing on August 15, and on that day, if the plaintiff failed to appear, it would seem as though the only thing the justice could do was to render a judgment of nonsuit and for costs.—29 Mich., 199.

But it is not for this court to say what judgment he shall enter, or what action he shall take.

Let a writ of mandamus issue requiring the justice to render such a judgment, as of the date of August 15, or take such other action, as the facts then before him required.

Everything tends to show that the justice acted in entire good faith, and no award of costs can be made against him.

(December, 1876.)

*C. R. Brown* and *T. J. McSweeney* for Relator.

*E. R. Stevenson* and *F. Whipple* for Respondent.