### WOLVERINE SIGN WORKS v. POWERS.

CONTRACTS—RESTRAINT OF TRADE—PUBLIC POLICY—MONOPOLIES.
  Agreement of seller of business of manufacturing and renting bulletin boards for outdoor advertising, as part of consideration, to never engage in outdoor advertising in certain territory is valid, under 3 Comp. Laws 1915, §§ 15033, 15038, although stipulated territory extended beyond that in which seller had been doing business; no monopoly having been created. McDONALD and SHARPE, JJ., dissenting.

Appeal from Charlevoix; Gilbert (Parm C.), J. Submitted April 5, 1929. (Docket No. 82, Calendar No. 34,169.) Decided December 3, 1929.

Bill by Wolverine Sign Works, a Michigan corporation, against Leo W. Powers and others to en-

join defendants from violating contract not to engage in competitive business undertakings. From a decree for plaintiff, defendants appeal. Affirmed.

*Clink & Williams,* for plaintiff.

*Rollie L. Lewis,* for defendants.

McDONALD, J. (*dissenting*). The bill in this case was filed for an accounting and an injunction to restrain the defendants from carrying on a business in competition with the plaintiff.

All of the parties were engaged in the business of manufacturing and renting bulletin boards for outdoor advertising. The plaintiff's place of business was at Owosso, Michigan. Defendant Leo W. Powers conducted his business at Petoskey, Michigan, under the name of L. W. Powers Advertising Company. The defendant Sanitary Engineering Company was a Michigan corporation with its principal place of business at Charlevoix, Michigan. On February 27, 1926, Leo W. Powers sold his business to the plaintiff for a consideration of $1,600, and in the agreement of sale stipulated as follows:

"I further agree never to engage in outdoor advertising business in the territory north of Cadillac, Michigan."

The plaintiff alleges that about one year thereafter the defendant Leo W. Powers re-engaged in the outdoor advertising business in the territory north of Cadillac, Michigan, in violation of his agreement. To restrain him from continuing therein, this bill was filed. From a decree for the plaintiff the defendants have appealed.

In defense it is claimed that the agreement not to re-engage in business north of Cadillac is against

public policy and void as declared in 3 Comp. Laws 1915, § 15033, and that it does not come within the exception mentioned in section 15038. These sections of the statute read as follows:

"SEC. 15033. All agreements and contracts by which any person, copartnership, or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void."

"SEC. 15038. This act shall not apply to any contract mentioned in this act, nor in restraint of trade, where the only object of the restraint imposed is to protect the vendee, or transferee, of a trade, pursuit, avocation, profession, or business, or the good will thereof, sold and transferred for a valuable consideration in good faith, and without any intent to create, build up, establish or maintain a monopoly." * * *

Considering these two sections of the statute with reference to the facts in this case, it follows that the restraint imposed on the defendant not to engage in the outdoor advertising business north of Cadillac, Michigan, is against public policy and void unless it appears that the only object was to protect the plaintiff in the business which he purchased and not to build up a monopoly. The theory of the exception is that the purchaser is entitled to the beneficial enjoyment of that which he buys. But the protection must be in respect to that business only. And the restraint upon the vendor as to engaging in a like business must be fair and reasonable and not greater than is required for the necessary protection of the vendee. The test as to the validity of such a contract is the reasonableness of the limitation on the vendor's right to re-engage in business.

"It is everywhere agreed that in order to be valid a promise imposing a restraint in trade or occupation must be reasonable." 3 Williston on Contracts, § 1636.

"If reasonable and just, the restriction will be sustained, if not, it will be held void." *Hubbard* v. *Miller,* 27 Mich. 15 (15 Am. Rep. 153).

In this case there is no question of consideration, bad faith, or monopoly. There is involved only a consideration of the reasonableness of the following restraint on defendant's right to engage in business.

"I further agree never to engage in outdoor advertising business in the territory north of Cadillac, Michigan."

Does the restraint here imposed go beyond what is reasonably necessary to protect the plaintiff in the enjoyment of the business he purchased? The question must be considered with respect to that particular business, that is, the business purchased of the defendant Leo W. Powers, and not the business operated by the plaintiff at Owosso, Michigan. Referring to the contract of sale, we find that the business which the plaintiff purchased consisted of 20 outside bulletin boards with contracts and leases relating thereto. These boards had been erected in the counties of Chippewa, Mackinac, Emmet, Cheboygan, and Charlevoix, and were being maintained there by the defendant Leo Powers, whose place of business was in Petoskey, Michigan.

It thus appears that the restraint as to territory goes far beyond any of the counties in which the defendant had been carrying on the business which he sold. He was doing business in six counties, and the plaintiff having purchased that business seeks to restrain him from doing a like business in 36 counties, including the entire upper peninsula. In

6 R. C. L. p. 799, the rule as to area of restraint is stated thus:

"Whether a contract which extends the area of restraint beyond the territory within which the business is being carried on at the time of its sale imposes an unreasonable restraint upon trade is a question upon which courts differ. The preponderance of authority seems to be that it does."

This rule, so far as it affects the rights of the party in whose favor the restraint is imposed, would seem to be too narrow. The area of restraint should extend as far as is necessary to protect his business. To do this it is not necessary that it should be extended unreasonably beyond the territory where the business was being carried on when he purchased it. The facts and circumstances of any case must determine the reasonableness of the restricted area. The facts in the instant case show that the restraint goes far beyond the territory where the business was being carried on at the time of the sale, far beyond what was reasonably necessary for the protection of the plaintiff.

The restraint as to time is also unreasonable. "I further agree never to engage," etc. Never is a long time. It is a longer time than is necessary to enable the purchaser of a business to convert the good will into a good will personal to himself. It is our opinion that the restraint both as to time and territory is unreasonable and unnecessary for the plaintiff's protection.

The decree of the lower court should be reversed. The bill should be dismissed, with costs to the defendant.

SHARPE, J., concurred with McDONALD, J.

WIEST, J. I think the agreement valid, and that Mr. Leo W. Powers may be held to keep it. The

statute offers no excuse for releasing him in whole or in part from the agreement. The agreement eliminated competition by Mr. Powers within specified territory but created no monopoly.

The decree is affirmed, with costs to plaintiff.

North, C. J., and Fead, Clark, and Potter, JJ., concurred with Wiest, J. The late Justice Fellows took no part in this decision.