BRILLHART *v.* DANNEFFEL

1. CONTRACTS—COVENANT NOT TO COMPETE—SALE OF BUSINESS—VALIDITY.

  A covenant not to compete, contained in a contract of the sale of a business, is valid if reasonable (MCLA §§ 445.731, 445-.761, 445.766).

2. CONTRACTS—COVENANT NOT TO COMPETE—SALE OF BUSINESS—VALIDITY—REASONABLENESS.

  A covenant made by the sellers of a restaurant not to compete within a ten-mile area with the purchaser of the restaurant for a five-year period was reasonable and, thus, valid where the sellers knew what they were contracting for, the sellers' own agent drew the instrument, the sellers voluntarily signed the instrument, and the business sold was located in a small, rural area and any similar business in the immediate area would be in competition with the business sold.

3. DAMAGES—SPECULATIVE DAMAGES—CONTRACTS—COVENANT NOT TO COMPETE—EVIDENCE.

  An award of damages was improper as based on speculative evidence where the plaintiff buyer had sought damages due to a breach of a covenant not to compete, contained in the contract of sale of defendants' restaurant business, the evi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 109.
  54 Am Jur 2d, Monopolies and Restraints of Trade § 522.
[2] 54 Am Jur 2d, Monopolies and Restraints of Trade § 535.
[3] 22 Am Jur 2d, Damages § 296.
[4–6] 20 Am Jur 2d, Costs § 72 *et seq.*

dence of damages consisted of the testimony of the plaintiff himself regarding the amount of profits lost due to the defendants' violation of the covenant and mainly showed only that the plaintiff did not take in as much money in six months as the defendants had taken in during the last six months of their operation of the business, other evidence showed that the plaintiff had lost some customers to the defendants, that two other restaurants had recently come into competition with the plaintiff, and that plaintiff had been closing his restaurant two and one-half hours earlier in the day than had the defendants when they operated the business.

4. COSTS—ATTORNEY FEES.

Attorney fees cannot be charged as included in costs taxed against the party who does not prevail in a trial in the absence of statutory authority or court rule except in an equity case where the court bases the taxation upon a showing that under the circumstances an equitable result requires it.

5. COSTS—ATTORNEY FEES—ACTION ON CONTRACT.

Attorney's expenses incurred in an action to enforce a contract or to recover money damages for the contract's breach are not ordinarily allowable in the absence of a statute or court rule authorizing the award.

6. COSTS—ATTORNEY FEES—ACTION ON CONTRACT.

Including attorney's fees in the award of cost was improper where the evidence in plaintiff's suit to enforce a covenant not to compete, did not show that the defendants' acts were unlawful.

Appeal from Kent, John T. Letts, J.   Submitted Division 3 May 6, 1971, at Grand Rapids.   (Docket No. 8679.)   Decided October 19, 1971.   Leave to appeal denied, 387 Mich 783.

Complaint by Hollis Brillhart against Earl and Dorothy Danneffel for damages and an injunction to restrain the defendants from further violation of their covenant not to compete.   Judgment for plaintiff granting damages and injunctive relief. Defendants appeal.   Affirmed in part, reversed in part.

*Roach, Twohey & Benson,* for plaintiff.

*Robert L. Gillette,* for defendants.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

HOLBROOK, J. This appeal is from a judgment of the Kent County Circuit Court in favor of plaintiff, granting money damages and an injunction against defendants restraining defendants from operating a restaurant business, which operation was found to be in violation of an agreement not to compete. Defendants obtained an order staying the execution of the judgment pending appeal.

On July 29, 1968, Hollis Brillhart purchased a restaurant from defendants Earl and Dorothy Danneffel. The restaurant is known as Dorothy's Diner and is located at 4414 Remembrance Road, N.W. in the City of Walker, Michigan. Purchase price was $7,000. As part of the purchase contract, a covenant not to compete was entered into by the defendants. The pertinent part of the agreement is set out herein:

"2. Earl Danneffel and Dorothy Danneffel, parties of the first part, agree not to have any interest whatsoever, as owners, part owners, employers, employees, partners, limited partners, joint venturers, officers of a corporation, stockholders or agents, owning, working in, or conducting, any restaurant or any activity normally carried on by a restaurant within the city limits of Walker or within an area ten miles from said city limits for a period of five years from the date hereof."

This agreement was signed by defendants on the day of the real estate closing. In December of 1968, defendants claimed they heard rumors that the

plaintiff was encountering financial problems with the business and was going to close. Defendants offered to work for plaintiff on a part-time basis. Defendants worked evenings for a combined total of 60 hours per week until March 15, 1969. On March 13, 1969, plaintiff heard from a friend that defendants might have purchased a restaurant called The Village Inn located in Coopersville, Michigan, which is within the 10-mile distance from plaintiff's business. Defendants never mentioned to plaintiff that they had purchased the new restaurant but had indicated all along that they were looking for another such business located in or around Fremont or Kalamazoo, Michigan. Defendants signed the purchase agreement on March 15, 1969. On March 17, plaintiff's attorney sent letters to defendants and the seller of The Village Inn indicating that the sale was in violation of the covenant not to compete and that action would be taken if the sale was consummated. Defendants opened The Village Inn for business on March 31 and this action was brought on April 8, 1969. Defendants assert invalidity of the agreement as a bar to any recovery by the plaintiff and further contend that plaintiff incurred no damages as the result of defendants' operation of the new restaurant. At the trial plaintiff introduced figures indicating that since defendants opened their new business he had sustained an average loss of $100 per week in gross receipts. The Village Inn is located 9.2 miles by expressway from plaintiff's business. Defendants contend the reason for loss of income is that plaintiff did not stay open as long each day and, further, that two other restaurants had opened near the plaintiff's location; one within 2 miles and the other within 5 miles. Plaintiff proffered a figure of $1,860 as being his loss attributable to competition by defendants, and

attorney fees of $1,000. The trial court found that the covenant not to compete was valid, that defendant had acted in violation of it, and that damages sustained as lost income were $1,240 plus attorney fees of $1,000 and rendered judgment in the amount of $2,240.

The defendants make no claim that equitable relief should not have been granted in addition to money damages in the event it is determined that the covenant is valid.

Defendants allege two assignments of error.

## I.

*The covenant not to compete was illegal and void because it was unreasonable.*

In Michigan we have a statute which governs the legality of covenants not to compete. MCLA § 445-.761 (Stat Ann 1962 Rev § 28.61) states:

"All agreements and contracts by which any person, co-partnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void."

But this act must be interpreted in conjunction with MCLA § 445.731 (Stat Ann 1962 Rev § 28.51) which states:

"Provided, That nothing in this act shall be construed to impair or invalidate agreements or contracts known to the common law and in equity as those relating to good will of trade."

Therefore, in a contract not to compete with the purchaser of a business the rule remains the same as at common law, *i.e.,* a covenant not to compete

is valid if reasonable. This is further indicated by MCLA § 445.766 (Stat Ann 1962 Rev § 28.66), Contracts in restraint of trade; exceptions:

"Sec. 6. This act shall not apply to any contract mentioned in this act, nor in restraint of trade where the only object of restraint imposed by the contract is to protect the vendee, or transferee."

The contract in question here, falling within the exception, is not invalid on its face. Our determination must then necessarily be based upon reasonableness. Defendants' counsel argues that the 10-mile limitation is unreasonable. The defendants knew for what they were contracting. Their own agent drew the instrument and it was voluntarily signed by them. In support of invalidity, defendants cite *Wolverine Sign Works* v. *Powers* (1929), 248 Mich 371, wherein it was held that restraint upon the vendor as to engaging in a like business must be fair and reasonable and not greater than is required for the necessary protection of the vendee. That case is easily distinguishable from the one before us. There, the vendor of a billboard advertising company agreed "never" to re-engage in that business within a certain area which covered hundreds of square miles. The Court held at page 375, "never is a long time, it is a longer time than is necessary to enable the purchaser of a business to convert the good will into a good will personal to himself". In the instant case we are dealing with a limitation of only 10 miles and for a period of only 5 years. There is nothing here so permanent as to time nor encompassing as to area to preclude reasonableness. Plaintiff's business is located in a small and predominately rural area and any similar business operating in the immediate or near vicinity would necessarily be in direct competition with it. The case of *Hubbard* v. *Miller* (1873), 27

Mich 15 is authority for the rule that when a vendor sells his business to another person with the stipulation that he will not re-engage in the same business nor compete with the vendee, the agreement will be enforced if the restraint is not unreasonable. We agree with the holding of the trial court that the agreement not to compete was reasonable.

## II.

*There was not sufficient evidence before the trial court for the trial judge to make the determination concerning damages.*

It appears that the testimony concerning loss of damages was mainly that plaintiff did not take in as much money from the business for the last six months as the defendants had taken in during the last six months while they were operating the business.

It does appear that some of plaintiff's customers patronized defendants' new business and discontinued eating at the plaintiff's diner. Other customers of plaintiff, on occasion, did eat at the defendants' new place of business, The Village Inn. There is no question that it is very difficult to show damages under such circumstances. The fact that plaintiff was closing 2-1/2 hours earlier in the day, *i.e.,* 3:30 p.m. instead of 6 p.m., as was the custom when the defendants operated the business, further complicated the matter. The only testimony concerning actual damage was the testimony of the plaintiff, Mr. Brillhart, to the effect that he lost $1,860 according to his books. The trial judge evidently did not consider this completely valid because he awarded only $1,240. Mr. Brillhart stated that closing 2-1/2 hours earlier each day cost him only "probably three or four dollars some days". Mr.

Brillhart did not explain whether this was gross income, net income, or whether it was considering labor or not considering labor. This evidence as to damages was quite speculative.

We now consider the award of $1,000 attorney fees to plaintiff. In the case of *Gundersen* v. *Village of Bingham Farms* (1965), 1 Mich App 647, 648, 649 it is stated as follows:

"The power to tax costs is wholly statutory. *Kuberski* v. *Panfil* (1936), 275 Mich 495. Chapter 24 of PA 1961, No 236 (CLS 1961, § 600.2401 *et seq.* [Stat Ann 1962 Rev § 27A.2401 *et seq.*]) is the statutory authority for costs. Section 2401 provides in part, 'Except as otherwise provided by statute, the Supreme Court shall by rule regulate the taxation of costs.' GCR 1963, 526 is the Supreme Court rule on costs; it does not provide for attorney fees. No other section of chapter 24 *supra* authorizes an attorney fee as here involved. The trial court indicated that the attorney fee was allowed because the case was a chancery matter. No statute or rule is cited to support its position, and if reliance is placed on the general powers of a court in chancery, some showing of inequitable result is required to justify the award. *Merkel* v. *Long* (1965), 375 Mich 214. There is no such showing here. The attorney fee was improperly awarded."

We fail to find any statute or rule giving the court in this injunction case the right to tax as a part of the costs the plaintiff's attorney fees. If the grant of the attorney fees is predicated upon the claim that it is a part of the damages, then it might be justified in the event the expense was incurred before commencement of the present action. Attorney's expenses incurred in an action against a party in default to enforce a contract or to recover money damages for its breach are not ordinarily allowable

in the absence of a statute or court rule authorizing the same. In the case of *Fleischer* v. *Buccilli* (1968), 13 Mich App 135, 139, it is stated as follows:

"Next plaintiff stated that he paid his attorney $600. Generally, attorney fees cannot be charged as a measure of damages in the absence of statutory authority or court rule. *Curtis* v. *Mueller* (1915), 184 Mich 148. Exceptions to this rule have been sparingly allowed when the parties seeking to recover attorney fees as damages have been forced to expend money by the unlawful acts of the other party. *Cagney* v. *Wattles* (1899), 121 Mich 469; *Bates* v. *Kitchel* (1911), 166 Mich 695. The proof submitted in the trial court did not substantiate an award of attorney fees on this basis."

The proofs submitted in the instant case do not, in our opinion, substantiate an award of the attorney fees on the basis that the defendants' acts were unlawful.

We are constrained to rule that the matter should be remanded for the purpose of taking further testimony as to damages so that the same be determined with such reasonable degree of certainty as the situation permits. *Stimac* v. *Wissman* (1955), 342 Mich 20, 28; *Valley Die Cast Corp.* v. *A.C.W., Inc.* (1970), 25 Mich App 321, 336.

Affirmed in part, reversed in part. No costs, neither party prevailing fully.

All concurred.